*ALICE S. COTTON, EXECUTRIX, v. S. D. ASHLEY, ATTORNEY AT LAW.

REVERSAL OF JUDGMENT.

   When in a proceeding tried to the court it clearly appears from the pleadings and the evidence on the part of the plaintiff, that he is not entitled to any relief, a judgment for the defendant will not be reversed solely for the reason that the defendant, after the plaintiff had rested his case, was permitted to give incompetent evidence in his own behalf.

ERROR to the Court of Common Pleas of Ashtabula county.

FRAZIER, J.

   The original proceeding was instituted in the court of common pleas, not as a civil action by filing a petition and causing a summons to be issued thereon. Neither is it a proceeding under section 563, Revised Statutes, to suspend or remove an attorney at law; nor a proceeding in a summary way on motion under section 564, to compel an attorney refusing or neglecting on demand to pay money collected for his client in the same manner as sheriffs and coroners are for money received on execution.

   Counsel for plaintiff say it is a proceeding, not under favor of any statute, but a proceeding under the common law. In the complaint or motion the first paper prepared and filed in the case, the parties in the caption are stated as, "The State of Ohio on relation of Alice S. Cotton, Executrix of Marvin S. Cotton, deceased, against S. D. Ashley, Attorney at Law," and in the body of the paper the parties are designated as relator and respondent, and the matters complained of are stated at length and with much particularity.

   The substance of the complaint is that Ashley had refused on demand to pay Alice S. Cotton, as executrix, the amount with interest thereon received by him on two mortgages, which it is claimed he was by Marvin S. Cotton, in his lifetime employed to collect in his capacity as attorney, one made by B. M. Reed, the other by Sarah M. Ashley.

   Also that he be compelled to deliver to her certain papers or memoranda made by Marvin S. Cotton, and which it is charged he wrongfully received and refused on demand to return and deliver up. And attached to and filed with the complaint, and in support of it was affidavits of various persons, and with the complaint and affidavits was filed a motion, as follows: In the court of common pleas of Ashtabula county.

---

*For previous decision in this case, as to common law remedy against attorneys withholding money or papers, and that statutory remedy (see 564, Rev. Stat.) is cumulative, see 5 Circ. Dec.. 6.

The State of Ohio, on Relation of Alice S. Cotton,
Executrix of Marvin S. Cotton, deceased,
v.
S. D. Ashley, Attorney at Law.

} MOTION.

And now, July 18, 1895, on motion of Charles Lawyer, Jr., and S. Newton Pettis, attorneys for relator in the above entitled case, the court is asked for a rule upon the respondent, S. D. Ashley, Esq., a member of the bar of Ashtabula county, to show cause why a writ of attachment prayed for by the petitioner, Alice S. Cotton, executrix of the estate of Marvin S. Cotton, deceased, in said case, should not issue by this court commanding and compelling him, the said S. D. Ashley, Esq., to pay over to the said petitioner, the amount of the mortgage given to the respondent by *M. S. Cotton*, for collection, v. *M. C. Reed et al.*, with the interest thereon collected by him as set forth in her petition, and which he, the said S. D. Ashley, attorney at law, has refused upon demand made to pay over and to return to, surrender and deliver up the mortgage given to M. S. Cotton, in his lifetime by Sarah M. Ashley, for fourteen hundred dollars, and duly recorded in the office for recording mortgages in Ashtabula county, vol. 47, page 61, on December 21, 1889, and any note or obligation given by Sarah M. Ashley, or any one else in such connection, for the better securing the payment of said mortgage, said mortgage and papers having been received by him from M. S. Cotton, as his attorney, and for collection in 1893, and all papers consisting of data and memoranda made by M. S. Cotton, in connection with payments made to him by any one upon the said mortgage from Sarah M. Ashley, and which he obtained and received from B. M. Cotton at Linesville, in the spring of 1895, which he has refused upon demand to return and deliver up, returnable the 26th day of July, 1895, at 10 o'clock a. m.

S. NEWTON PETTIS,
and CHARLES LAWYER, JR.,
Attorneys for Relator.

July 18, 1895.

The court thereupon made and entered upon the journal an entry, allowing and directing that a citation issue as asked for in the motion, which was issued by the clerk and served upon the defendant, S. D. Ashley, who appeared in response thereto, and the court without any answer or denial of the matters complained of, dismissed the proceeding.

A petition in error was filed in this court, the parties named and designated as "*Alice S. Cotton*, as executrix of Marvin S. Cotton, deceased, Plaintiff in Error v. *S. D. Ashley*, Attorney at Law, Defendant in Error," this court reversed the judgment of the court of common pleas and remanded the cause for further proceedings. The case is reported in 5 Dec. 6, where the authorities are reviewed and the law of the case stated.

After the mandate was entered in the court of common pleas, the defendant, on leave, filed an answer in form and verified as in a civil action. In the caption the parties are designated as "Alice S. Cotton, Executrix of Marvin S. Cotton, deceased, against S. D. Ashley, Attorney, Defendant." The cause was tried as a civil action, the plaintiff first producing her witnesses, who were examined orally in court, and then the defendant producing his testimony, the court, finding for and entering judgment in favor of the defendant. A motion for a new trial by plaintiff was overruled, a bill of exceptions taken setting out all the testimony and

rulings of the court, and a petition in error is filed seeking to reverse the judgment of the court of common pleas.

Of the errors assigned, the principal one relied on in argument and the only one we shall notice is, that the defendant was against the objection of the plaintiff, permitted to testify in his own behalf to facts occurring before the death of Marvin S. Cotton, in violation of the provisions of section 5242, Revised Statutes. And counsel for plaintiff in error call our attention especially to that part of the 8th paragraph: "And when a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied."

The object of the proceeding was to compel the payment of money to Alice S. Cotton, as executrix. No person would be benefited or lose by the result or be liable for costs except the executrix, or the defendant Ashley.

Counsel for defendant claim that the provisions of section 5242 is not applicable; that the executrix is not the adverse party; that it is a special proceeding in which the state of Ohio is the adverse party to punish the defendant as for contempt.

With the filing of the first petition in error, there was omitted from the title of the case the words, "The State of Ohio on relation of," and without objection the cause proceeded in the name of "Alice S. Cotton, as Executrix of Marvin S. Cotton, deceased," treating the words omitted as surplusage and as not changing the real character of the action or the rights of parties. The majority of the court are of opinion that the defendant by reason of the provisions of section 5242, was not a competent witness in his own behalf.

All the evidence being set out in the bill of exceptions we are required to examine the whole case, to see whether the plaintiff is prejudiced by the testimony.

When this case was before this court 5 Dec. 6, we held "That the court upon such summary proceeding, could only compel the attorney to pay over the money he has received and to deliver the papers in his possession, and that for his wrongs or any failure to perform his duties as an attorney, plaintiff is remitted to her action at law."

The defendant, in his answer, denies the employment as claimed by plaintiff, and says the mortgages were transferred to him for a full consideration, and in the ordinary course of business, and says he delivered the papers mentioned in the motion to plaintiff's attorney.

When the defendant rested the evidence showed the return of the papers, that the mortgages had both been transferred by Marvin S. Cotton to the defendant, by assignments absolute on their face, and that the testator had notified the maker of one of the mortgages, when about to make a payment, that defendant held the mortgage and was entitled to the payment. The evidence also showed that the testator had at one time boarded with the defendant and at times employed him as an attorney. And that they had for many years other dealings, and sustained other relations than that of attorney and client.

It appears from the plaintiff's own showing that the issue as to whether the mortgages were assigned to defendant for collection, or for a consideration, and to invest the ownership in the defendant, is one the defendant has the right to have tried to a jury in a civil action, and not to be disposed of on motion in a summary proceeding. If, when the plaintiff rested her case the defendant had moved for judgment, treating

it as a demurrer to the evidence, the court should have given judgment for defendant.

When it clearly appears from the case made by the plaintiff that she never can recover, a judgment for the defendant will not be reversed, because the defendant, after the plaintiff had produced her evidence and rested, was wrongfully permitted to testify in his own behalf. For these reasons the judgment is affirmed.

Judge BURROWS: I agree fully with the conclusion arrived at in this case, but am under the impression that there was no error committed in permitting the testimony of Mr. Ashley in these proceedings.

*S. Newton Pettis, Charles Lawyer, Jr., L. S. Sherman* and *Hoyt & Munsell*, Attorneys for Plaintiff.

*Northway & Perry* and *Wade & Betts*, Attorneys for Defendant.